IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALICE LOVATO,

        Plaintiff,

vs.                                               CIVIL NO. 11-521 KBM/LFG

WAL-MART STORES EAST, LP.,

        Defendant.

## ORDER DENYING MOTION TO TAKE DEPOSITION IN ALBUQUERQUE, NM

THIS MATTER is before the Court on Plaintiff Alice Lovato's ("Lovato") Motion to Take Defendant's 30(B)(6) Deposition in Albuquerque, NM. The motion is opposed. The Court considered the motion [Doc. 50], response [Doc. 52] and reply [Doc. 53]. Oral argument is not necessary.

Lovato served Defendant Wal-Mart ("Wal-Mart") with a Rule 30(B)(6) notice of deposition, and Wal-Mart designated its corporate employee Brian James ("James") as the individual best suited to provided the information sought in the notice of deposition. James resides in Safford, Arizona and manages the Wal-Mart Store located there.

Lovato wants James to travel to Albuquerque for his deposition rather than having it taken in Arizona. Lovato recognizes that 30(B)(6) depositions should generally occur in the same place the witness resides, but notes that the presumption can be overcome with unusual or exceptional circumstances. Gulfstream Worldwide Realty, Inv. v. Phillips Electronics of North America, 2007 WL 5704041 (D.N.M. Oct. 24, 2007), and O'Sullivan v. Rivera, 229 F.R.D. 187 (D.N.M. 2004).

The "unusual or exceptional circumstances" on which Lovato relies are that Defendant does

business in Albuquerque, has counsel in Albuquerque, and that Lovato is not a large corporation that can afford to pay for travel to a remote location. If the deposition occurs in Arizona where James resides, Lovato would have to pay for her attorney's travel, car rental and other expenses; and because Wal-Mart has greater resources, it would have a lesser burden if the Court imposes the time and travel burden on Wal-Mart and simply requires James to come to Albuquerque.

Wal-Mart, naturally, objects and argues that the circumstances outlined by Lovato are neither unusual nor exceptional. The Court agrees.

Shepherd's Discovery Proceedings in Federal Court (3d ed.) notes:

> In the absence of *exceptional* circumstances, when a party-deponent resides at a substantial distance from the deposing party's residence, the deposing party will be required to take the deposition at a location in the vicinity of the deponent's residence." [Id. at 113]. [emphasis added].

Thus, unless the Court concludes that Lovato's circumstances are "exceptional," the deposition must proceed in Arizona.

Under Lovato's reasoning, any time Wal-Mart is involved in litigation, it should be the one to bear the inconvenience and travel expenses related to depositions, and send its corporate representative to the forum state because as the world's largest retailer,[1] it will always have more money than its opponent. Since it does business in every state in the union, under Lovato's argument, it should always have to bear the inconvenience and cost.

Wal-Mart, on the other hand, argues:

> Mr. James absence from Safford, Arizona in order to travel from his home and work would cause an undue burden on him, his family and Wal-Mart, as Mr. James will be required to leave his employment and abandon his managerial duties at Wal-Mart during one of the

---

[1] *See* http://topics.nytimes.com/top/news/business/companies/wal_mart_stores_inc.

>busiest times of the year.² This would unfairly burden both Mr. James and Wal-Mart."

[Doc. 52 at 3].

Shifting the travel costs and inconvenience to Wal-Mart just because it has the deepest pockets is unfair. It improperly disregards the normal and customary discovery rules simply because one litigant is a large and well-heeled litigant, and the other is an individual. The problem with this cost-shifting argument is that it requires the Court to peek under the blindfold of justice and make decisions not on the weight of the evidence, but, rather, on a party's status.

A basic tenet of law is that, before the court, all parties should be treated equally. The New Mexico Supreme Court eloquently spoke of this core concept of justice in United Nuclear Corp. v. General Atomic Co., 96 N.M. 155, 629 P.2d 231 (1980), when it said:

>The rules of discovery are as equally applicable to cases involving large sums as they are to small; and the obligation to comply with those rules in good faith and to obey the orders of the court is no less incumbent on the largest company than it is on the poorest citizen. Any contrary rule or special consideration . . . would be inimical to the most fundamental postulate of our legal system–that before the law, all stand equal.

Accepting Lovato's argument requires the Court to set aside that basic view of equality, and find that the scales of justice should always tip in favor of any party who is litigating against Wal-Mart, because Wal-Mart will always have more money.

It is Lovato who initiated this lawsuit and Lovato who requires James' testimony. The only justification advanced for deposing James in New Mexico rather than Arizona is that she will incur travel costs. The Court remains unpersuaded that parties' unequal financial status qualifies as an "exceptional" circumstance.

---

²The deposition is noticed at the height of the holiday shopping season.

Moreover, Lovato has options available to ameliorate travel costs. Today's technology allows a variety of means for Lovato to take the deposition without the need to travel. *See, e.g.*, Bauman v. Daimler Chrysler Corp., 644 F.3d 909, 925-926 (9th Cir. 2011)(noting technological advances that, when combined with discount air travel now commonly available, significantly lower costs of litigation). Telephonic and video conference depositions are commonplace, and such a deposition would allow Lovato access to James' evidence without her having to incur travel costs.[3] A telephonic or video conference deposition allows James to remain in Arizona, with Lovato and her attorneys in Albuquerque.[4]

Even if Lovato chooses a face-to-face deposition of the deponent, she is then obligated follow the normal Rule 30(b)(6) requirements and take the deposition in Arizona where the deponent resides.

The Court finds that Lovato failed to demonstrate the existence of exceptional circumstances that warrant modification of the normal rule requiring the deposition to be taken at James' residence or place of business.

IT IS THEREFORE ORDERED that Lovato's motion is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[3]By pre-marking deposition exhibits and providing them to the deponent before the deposition, examining counsel need not be in the same deposition room as the deponent.

[4]Because of the availability of options to lessen the costs, there is no need to order the deposition at some other date after the holidays.